**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) CASE NO. 5:15-cr-00030-DAP |
| ) | |
| Plaintiff, | ) JUDGE DAN AARON POLSTER |
| ) | |
| vs. | ) <u>ORDER</u> |
| ) | |
| **DARRELL D. MOORE,** | ) |
| ) | |
| Defendant. | ) |

**I. Background**

On January 28, 2015, the United States of America filed a single-count Indictment as to Defendant Darrell D. Moore alleging Moore was a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1). Doc #: 1. On October 9, Defendant filed the instant Motion to Dismiss the indictment, claiming the Model 107B is antique and therefore exempt. Doc #: 26.

In relevant part, Defendant Darrell D. Moore is alleged to have knowingly possessed "a firearm, to wit: a Savage Arms Inc., Model 107B 12 gauge shotgun . . . ." (the "Model 107B"). Indictment, Doc #: 1. The Model 107B does not contain a serial number to determine its date of origin. *Mot. to Dismiss* 2, Doc #: 26. Moore alleges that catalogs from the J. Stevens Arms

company "demonstrate this shotgun could have been manufactured as far back as 1909." *Id.*; Mot. to Dismiss Exh. A, Doc #: 26-1.[1]

**II. Legal Standard**

Fed. R. Crim.P. 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." "In general, an indictment is constitutionally adequate if it 'contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001) (quoting *Hamling v. United States*, 418 U.S. 87 (1974)). "Courts usually say that a motion to dismiss is 'capable of determination' before trial if it involves questions of law instead of questions of fact on the merits of criminal liability." *United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir. 1997). "District courts may ordinarily make preliminary findings of fact necessary to decide questions of law presented by pretrial motions so long as the trial court's conclusions do not invade the province of the ultimate factfinder." *Id.*

**III. Discussion**

**A. The Court Cannot Determine the Age of the Firearm**

An indictment is sufficient on its face if contains the elements of the offense, fairly

---

[1] Moore provides copies of J. Stevens Arms catalog pages from 1909, 1928, and 1946. Mot. to Dismiss Exhs. A–C, Doc #: 26-1–26-3.

informs the defendant of the charge which he must defend, and allows him to plead acquittal or conviction to bar future prosecutions for the same offense. *Landham*, 251 F.3d at 1079. Whether a firearm is an "antique" is an affirmative defense to a § 922(g)(1) charge. *United States v. Smith*, 981 F.2d 887, 891–92 (6th Cir.1992).

> Moore is alleged to have violated 18 U.S.C. § 922(g), which provides,
>
> > It shall be unlawful for any person--
> > > (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . .
> >
> > to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

In the instant case, the Indictment alleges Moore had previous been convicted and "on or about April I, 2009, did knowingly possess in and affecting interstate commerce a firearm . . . ." Thus, for the purposes of a motion to dismiss the indictment, the Court is required to accept as true the factual allegation that the object in question is a firearm. Here, the indictment alleges facts which *if proved* would establish a prima facie case that Moore committed the crime charged. Thus, the Indictment is sufficient. The actual date of manufacture of the Model 107B is a factual question for the jury to resolve; the Court is not authorized to resolve that question on a motion to dismiss the indictment. *See Craft*, 105 F.3d at 1126.

### B. As a Matter of Law, a 1909 Firearm is Not Exempted

Moore argues that the Model 107B, which may have been manufactured as early as 1909, falls within the "spirit of the law," and should therefore be classified as an antique, exempt from the definition of "firearm." Mot. to Dismiss 3, Doc #: 26. The Court is not persuaded. Assuming, without deciding, that the Model 107B was manufactured in 1909, the Model 107B

-3-

cannot be considered an antique exempt from consideration under 18 U.S.C. § 922(g)(1).

"Antique," for this purpose, is defined by a set of related statutory provisions. 18 U.S.C. § 922(g) makes it unlawful under certain circumstances "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." The term "firearm" is statutorily defined in 18 U.S.C. § 921(a)(3) and specifically exempts "antique" firearms. In relevant part, "antique firearm" is defined as "any firearm (including any firearm with a matchlock, flintlock, percussion cap, or similar type of ignition system) manufactured in or before 1898." 18 U.S.C. § 921(a)(16)(A).

"When construing a legislative enactment, courts are to give effect to the intention of the legislature adopting the statute or provision in question. To determine legislative intent, a court must first look to the language of the statute itself. If the language of the statute is clear, a court must give effect to this plain meaning." *Broad. Music, Inc. v. Roger Miller Music, Inc.*, 396 F.3d 762, 769 (6th Cir. 2005) (citations omitted). "Departure from the language of the legislature and resort to judicially created rules of statutory construction is appropriate only in the "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters . . . or when the statutory language is ambiguous." *Nixon v. Kent Cnty.*, 76 F.3d 1381, 1386 (6th Cir. 1996) (alteration in original) (quoting *Reves v. Ernst & Young*, 507 U.S. 170 (1993)).

Here, Moore asks the Court to read the spirit of statute to include "a term of relativity and not of stagnancy," i.e. a rolling cut-off of seventy years, based on the 1968 enactment of an 1898 cut-off date. Mot. to Dismiss 3, Doc #: 26. However, Moore does not argue—nor can he—that

the 1898 cut-off is in any way unclear or ambiguous; the plain meaning of the statute is apparent.

Nor has Moore shown a literal reading of the 1898 cut-off is demonstrably at odds with the intentions of its drafters. Moore has argued a 70-year rolling deadline is more "logical," but gives no evidence that Congress intended a rolling deadline and was somehow unable to draft the legislation to reflect that intent. Rather, in support of a rolling cut off, Moore cites to bills current pending before both houses of Congress which, if passed, will modify the definition of "antique firearm" "by striking '1898' and inserting 'the calendar year that is 100 years before the calendar year in which the determination as to whether the firearm meets the requirement of this subparagraph is being made'." S. 173, 114th Cong. § 1 (2015); H.R. 1114, 114th Cong. § 1 (2015). However, the fact that amendments have been proposed to change from the specifically fixed date to a rolling date confirms that the statute, as presently drafted, means just what it says.

Furthermore, while the Sixth Circuit does not appear to have ruled on the statutory 1898 cut-off, courts have consistently construed the cut-off strictly. For example, in 2014, an Ohio district court observed, "the record plainly demonstrates that the pistol was not an antique," because "[e]verything before the Court overwhelmingly proves that the firearm was manufactured after 1898 and, more specifically, that it was manufactured in 1911 . . . ." *Crawley v. United States*, 2014 WL 617633, at *10, 2014 U.S. Dist. LEXIS 19875, at *27 (S.D. Ohio Feb. 18, 2014); *see also Parnell v. United States*, 2006 WL 903185, 2006 U.S. Dist. LEXIS 99962 (N.D. Ohio Apr. 7, 2006). Even more strict in application, in 2009, the Eighth Circuit Court of Appeals found evidence sufficient to establish that a firearm was manufactured in 1900 and consequently concluded the firearm was not an antique. *United States v. Dotson*, 570 F.3d 1067, 1069 (8th Cir. 2009); *see also United States v. Washington*, 17 F.3d 230, 232 (8th Cir.

1994) ("[The government's] expert testified that Washington's shotgun was manufactured in the 'first part of the 1900s,' which the expert defined as the period from 1900 to 1950. He expressed his opinion to the jury that the firearm was not an antique firearm. We find this evidence sufficient for a jury to find that the firearm was not an antique firearm."). Addressing what Moore might call the "spirit" of the law, in 2012, the Ninth Circuit Court of Appeals described a "remarkable collection" of "collectable firearms" including "early twentieth-century rarities" and noted "[t]he oldest firearms in this collection appear to have been manufactured just after that cutoff." *United States v. Ferro*, 681 F.3d 1105, 1108, 1108 n.5 (9th Cir. 2012); *see also United States v. Whalen*, 337 F. Supp. 1012, 1015 (S.D.N.Y. 1972) ("It may be noted in this regard that defendant cannot be heard to claim that his weapons are eligible for classification as 'antique firearms' under 26 U.S.C. § 5845(g), despite their actual value primarily as archaic weapons. All are of twentieth-century manufacture, and the statutory cut-off date for inclusion in this category is the year 1898 (evidently chosen because it marks the end of the Spanish-American War).")

In sum, given the clarity of the statute, the Court need not opine about the spirit of the law; Congress can—and in fact may—revise the statute if it wishes to define "antique" according to a rolling cut-off. However, for now, this Court is bound by the unambiguous statute currently in force. A firearm manufactured after 1898 is not an antique as defined in 18 U.S.C. § 921(a)(16)(A).

**IV. Conclusion**

Because Moore's Motion requires a finding of fact inappropriate at this stage and because the 1898 cut-off exception for antique firearms must be construed plainly and strictly, Moore's

Motion to Dismiss, Doc #: 26, is DENIED.

    **IT IS SO ORDERED.**

                                          */s/ Dan A. Polster     Nov. 10, 2015*
                                          **DAN AARON POLSTER**
                                          **UNITED STATES DISTRICT JUDGE**