**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 5:15-cr-00030-DAP** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | **OPINION AND ORDER** |
| | ) | |
| **DARRELL D. MOORE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

On January 20, 2016, Darrell D. Moore pled guilty to one charge of Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g). Minutes of Proceedings, Doc #: 51.

Prior to sentencing, there were three outstanding matters before the Court. First, the Government and Moore disputed whether Moore should be sentenced to a fifteen-year mandatory minimum sentence, pursuant to the Armed Career Criminals Act ("ACCA"), 18 U.S.C. § 924(e)(1), for three prior "violent felony" convictions. Second, the parties disagreed about whether Moore should be assigned a Base Offense Level of twenty-four, pursuant to U.S.S.G. § 2K2.1(a)(2), or twenty, pursuant to § 2K2.1(a)(2), based on one or more prior "crime of

violence" convictions. Third, the parties also disputed the imposition of a four-level enhancement, pursuant to U.S.S.G. § 2K2.1(b)(6)(B), for use of the firearm in connection with another felony offense.

At Moore's August 18, 2016, sentencing, the Court resolved and ruled on all three matters and sentenced Moore, in relevant part, to forty-two months imprisonment—a within-Guidelines-range sentence—less eighty-two days credit for time spent in state custody for the conduct that led to the federal indictment. Minutes of Proceedings, Doc #: 61. This Opinion and Order follows to elaborate on the Court's analysis.

## I. Background

On January 28, 2015, Darrell D. Moore was indicted on a single count of Felon in Possession of a Firearm and Ammunition, pursuant to 18 U.S.C. § 922(g)(1). Doc #: 1. On January 20, 2016, Moore pled guilty to the charge without a plea agreement. Doc #: 51.

Moore has three prior felony convictions identified in the Presentence Investigation Report as violent felonies, all pursuant to Ohio law: robbery, aggravated robbery, and aggravated assault. Doc #: 54.

## II. Armed Career Criminal Act

Under 18 U.S.C. § 922(g) it is unlawful for certain persons to ship, transport, or possess a firearm or ammunition. A violator of § 922(g) who has "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another" is subject to a minimum fifteen year sentence. 18 U.S.C. § 924(e)(1). The term "violent felony" is defined as

> [A]ny crime punishable by imprisonment for a term exceeding one year,

-2-

> . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B). "Courts generally refer to § 924(e)(2)(B)(i) as the 'force' prong, to the portion of § 924(e)(2)(B)(ii) listing specific offenses as the 'enumerated felonies' prong, and to the portion of § 924(e)(2)(B)(ii) covering conduct involving a serious potential risk of physical injury as the 'residual clause.'" *United States v. Elliott*, 757 F.3d 492, 494 (6th Cir. 2014).

The "enumerated felonies" prong—which is the most straight-forward of the prongs—includes several offenses specifically listed by Congress; however, no one has here argued that the enumerated felonies prong applies to any of Moore's prior convictions. A year ago, the Supreme Court struck down the "residual clause" as unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2555, 2557 (2015).[1] Thus, the only open question is whether Moore's prior convictions are violent felonies under the "force" prong. If all three of Moore's convictions so qualify, Moore is an armed career criminal; if zero, one, or two qualify, then he is not.

In defining whether a criminal offense qualifies as a violent felony, the ACCA focuses, properly, on the statutory elements of each potential predicate offense. Accordingly, courts employ a categorical approach—not attempting to decide what a given defendant actually did—in evaluating whether a given criminal statute so qualifies. *United States v. Rodriguez*, 664 F.3d 1032, 1036 (6th Cir. 2011). A court only goes beyond the statute itself, employing a modified categorical approach, if it is possible to violate the statute in a way that would

---

[1] Except when explicitly cited otherwise, all mention of *Johnson* hereinafter refers to the 2015 Supreme Court case.

constitute a violent felony and also in way that would not. *See Elliott*, 757 F.3d at 494. In such a case, a court must determine under which particular prong of the criminal statute a defendant was convicted. *Id.* ("A burglary statute that specifically criminalizes both breaking and entering a car and breaking and entering a residence would be such a statute. A sentencing court is permitted to look to the indictment, judgment of conviction or verdict to determine whether the defendant was convicted of the crime of breaking and entering a house or the crime of breaking and entering a car."). Predicate offenses do not expire, and statutes change, so courts must evaluate any given statute at the time of any given defendant's conviction.

On its face, the ACCA (and the force prong specifically) appears to be clear. The statute says it requires "three previous convictions . . . for a violent felony," and that a violent felony is defined, in relevant part, as a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." §§ 924(e)(1), (e)(2)(B)(i). The statute does not define what type of "physical force" is sufficient, but the Supreme Court has clarified that, "in the context of a statutory definition of 'violent felony' the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

However, it is an understatement to say that the Courts have struggled with the ACCA almost from its inception, trying to figure out whether or not a given defendant in a particular case qualifies. The fact that the Court and attorneys have struggled with this statute and parsing through the case law as it applies to Moore's sentencing suggests there is a problem.

A statute with this kind of consequence should be quite clear. There's a constitutional notice requirement for at least two classes of people. First, anyone who has committed three or

more prior violent felonies must be on notice that if he or she is found anywhere near a gun, he or she will be incarcerated for fifteen years without parole. There should not be a lot of ambiguity, or else the statute does not have the deterrent effect that Congress presumably wished it to have. Second, any individual who is charged with a gun offense needs to understand, in making a knowing and intelligent decision about whether or not to go to trial, what the consequences of that conviction will be. While a defendant may get a preliminary indication from the sentencing judge, such an opinion is only advisory and may change.

Recently, Judge Gwin ruled as "an issue of first impression" that aggravated robbery (one of Moore's prior convictions) does not qualify as a predicate offense, noting that it was "a close issue." *United States v. Patterson*, No. 5:14-CR-289, 2015 WL 5675110, at *3, 2015 U.S. Dist. LEXIS 129256, at *7 (N.D. Ohio Sep. 25, 2015) (Gwin, J.), *appeal docketed*, No. 15-4183 (6th Cir. Oct. 29, 2015). If experienced federal judges have a hard time figuring out whether a given felony qualifies as a predicate offense, then how can someone like Moore know? Congress has the authority to pass laws that impose mandatory minimum sentences, and whether it is good social policy to do so is for Congress to decide. Judges must then follow and apply these laws. However, the laws need to be clear, and this one is not.

The Court now discusses each of the three felony statutes under which Moore was convicted and which may qualify him as an armed career criminal under the ACCA.

### A. Aggravated Assault

With regard to aggravated assault, the Sixth Circuit has spoken, and Moore's conviction for aggravated assault qualifies as a predicate offense under the ACCA.

According to the Journal Entry, Doc #: 24-1, Moore was sentenced on April 2, 2009, for

aggravated assault pursuant to Ohio Revised Code § 2903.12(A)(2):

> (A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
> . . .
> (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.

Ohio Rev. Code Ann. § 2903.12 (2009) (these subsections are unchanged since 2009). The Sixth Circuit Court of Appeals has ruled twice that aggravated assault is a violent crime for purposes of the ACCA, but it has done so on different, and apparently conflicting, grounds.

In 2012, the Sixth Circuit, after some substantial analysis, held that "[w]e find that aggravated assault in Ohio is a 'violent felony' under § 924(e)(2)(B)(i) because it 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'" *United States v. Anderson*, 695 F.3d 390, 400 (6th Cir. 2012).

Then, in 2013, the Sixth Circuit held, "[b]y its plain terms, therefore, this statute proscribes conduct that 'presents a serious potential risk of physical injury to another.' . . . [A]ggravated assault under § 2903.12 is a violent felony as defined under § 924(e)(2)(B)." *United States v. Perry*, 703 F.3d 906, 910 (6th Cir. 2013). The court then dismissed Perry's argument that the "otherwise clause" is unconstitutional as the argument was foreclosed by then-current Supreme Court case law. *Id.* at 911 (citing *James v. United States*, 550 U.S. 192, *overruled by Johnson*, 135 S. Ct. 2551). While the court stops short of saying "residual clause" or citing directly to § 924(e)(2)(B)(ii), it is clear from the exact quotation of the residual clause criteria and the reference to the "otherwise clause" that the court intended to hold aggravated

-6-

assault was a violent crime pursuant to the residual clause. Under Sixth Circuit doctrine, the residual clause is applied only if the force prong and the enumerated felonies prong do not apply. *United States v. Rodriguez*, 664 F.3d at 1038; *see also United States v. McMurray*, 653 F.3d 367, 371 (6th Cir. 2011) (applying the same analysis to both the ACCA and U.S.S.G. § 4B1.2(a)). Therefore, because aggravated assault was held to be a violent felony under the residual clause, aggravated assault implicitly did not qualify under any other prong.

In the Sixth Circuit, one panel cannot overrule another panel; only the Sixth Circuit sitting en banc may do so. *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985). A subsequent panel may, of course, constrain or hold a prior opinion to its facts or may otherwise limit it, but it cannot overrule an earlier opinion. Here, *Perry* does not even refer to *Anderson*, let alone distinguish it, hold it to its facts, or explain it whatsoever. In addition, of course, *Perry* has effectively been overruled by the Supreme Court in *Johnson*.

Therefore, the Court follows *Anderson* which clearly says that Ohio aggravated assault constitutes a violent felony under the force prong. Moore's conviction counts as a predicate offense under the ACCA.

### B. Aggravated Robbery

According to the Journal Entry, Doc #: 24-1, Moore was sentenced on April 2, 2009, for aggravated robbery pursuant to Ohio Revised Code § 2911.01(A)(1). The current incarnation of the Ohio aggravated robbery statute provides, in relevant part,

> (A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
> > (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon,

brandish it, indicate that the offender possesses it, or use it . . . .

Ohio Rev. Code Ann.§ 2911.01 (1997).

There is no current Sixth Circuit case directly on point with regards to whether the current incarnation of aggravated robbery qualifies as a predicate offense.[2] Recently, Judge Gwin ruled,

> Displaying, indicating possession, or using a weapon covers a wide range of culpable behavior. But that range of behavior does not necessitate the use, attempted use, or even threatened use of physical force against the person of another. Instead, a defendant could be culpable under the Ohio statute for using emotional force, or for threatening force against an object rather than a person.

*Id.* at *3. *Patterson*, 2015 WL 5675110, at *3. The Court concludes that aggravated robbery does not qualify as a predicate offense, but for different reasons.

## 1. Force May Be Implicit but Requires Intent

The ACCA requires the "use, attempted use, or threatened use of physical force." § 924(e)(2)(B)(I). The ACCA statute does not say such a use, attempted use, or threatened use requires a literal, verbal threat. Thus, a person may communicate such use or threat nonverbally, through conduct. The Ohio aggravated robbery statute does not specifically include force, but if the conduct which is an element of aggravated robbery (i.e., "display the weapon, brandish it, indicate that the offender possesses it, or use it ") is itself a threat, that qualifies as an element of force. It is difficult to argue, for example, that a defendant pointing a gun at a victim during the commission of a robbery has not used, attempted to use, or threatened the use of violent force,

---

[2] In *United States v. Sanders*, the Sixth Circuit Court of Appeals explicitly held that a prior version of the Ohio aggravated robbery statute was a violent crime under the residual clause. 470 F.3d 616, 621 (6th Cir. 2006) ("We . . . find that aggravated robbery under Ohio law 'involves conduct that presents a serious potential risk of physical injury to another.'"). However, the statute under which Moore was convicted is changed significantly from the version of the statute under which Sanders was convicted.

even if the defendant does not say, "I'm threatening to shoot you."

However, for such an application of the ACCA to be constitutional, the conduct that satisfies the requisite force element of the criminal offense must be proven beyond a reasonable doubt and must require the appropriate mens rea: one cannot be convicted for acting negligently or even recklessly. Specifically, for the force prong of the ACCA to be constitutional, any qualifying criminal statute whose force element requires making the leap from an explicit, verbal threat to threatening conduct must require mens rea. *See Jones v. United States*, 689 F.3d 621, 626 (6th Cir. 2012) ("When a crime requires only the mens rea of recklessness, it cannot qualify under the 'use of physical force' subsection of the ACCA."); *United States v. McMurray*, 653 F.3d 367, 374–75 (6th Cir. 2011) ("[T]he 'use of physical force' clause of the ACCA, § 924(e)(2)(B)(i), requires more than reckless conduct."); *see also United States v. Castleman*, 134 S. Ct. 1405, 1415 (2014) ("[T]he knowing or intentional application of force is a 'use' of force."); *Leocal v. Ashcroft*, 543 U.S. 1, 13 (2004) (noting, for purposes 18 U.S.C. § 16, that certain DUI statutes "do not require any mental state with respect to the use of force against another person, thus reaching individuals who were negligent or less" and consequently do not qualify as crimes of violence).

Aggravated robbery pursuant to Ohio Revised Code § 2911.01(A)(1) is a strict liability statute and therefore lacks a knowingly and willfully mens rea. *State v. Ginley*, 2009-Ohio-30, ¶ 29 (Ohio Ct. App. 2009) ("[A]ggravated robbery under R.C. 2911.01(A)(1) is a strict liability offense . . . ."). Moreover, the Ohio Supreme Court, has explicitly held that the "weapon" element of the aggravated robbery statute is strict liability. *State v. Lester*, 916 N.E.2d 1038, 1040–44 (Ohio 2009). Thus, aggravated robbery lacks the mens rea necessary to qualify as a

predicate offense under the ACCA.

## 2. Force Element and Display

The aggravated robbery statute at issue requires the defendant, "[h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it . . . ." § 2911.01(A)(1). Mere possession of a gun in the commission of a felony is not enough for the force prong of the ACCA, § 924(e)(2)(B)(I), but this statute requires more than mere possession: displaying, brandishing, indicating possession, or using. Clearly, on one hand, brandishing a firearm—pointing the weapon at the victim, waving it around, and so on—is a threat against a person. But "displaying" a weapon is not so clear. Ohio is an open carry state so a person is allowed to walk around, openly carrying a firearm. If it is holstered, but you can see the handle, is it "displayed?" Has one committed aggravated robbery if one wears a holstered gun while committing a theft crime? Quite possibly, yes.

The Court, is not willing to hold that such an aggravated robbery meets the ACCA's requirement of a threat of violence. Such an application would be too ambiguous, because in an open carry state such as Ohio, "display" may not be anything beyond possession, and this is insufficient to convert an otherwise non-violent offense into a violent felony.

Thus, because of the ambiguity of what "display" means within the context of the aggravated robbery statute, § 2911.01(A)(1), and because that statute—and in particular the "weapon" element—lack the requisite knowing and willful mens rea, the Court holds that Moore's conviction for aggravated robbery does not quality as a predicate offense under the ACCA.

-10-

### C. Robbery

According to the Journal Entry, Doc #: 24-1, Moore was sentenced for robbery on April 2, 2009, pursuant to Ohio Revised Code § 2911.02(A)(2). Much of the discussion above applies to robbery as well, and the Court need not revisit it. However, the Court notes that while aggravated robbery is strict liability, the mens rea for robbery is recklessness. *State v. Horner*, 935 N.E.2d 26, 33 (Ohio 2010) (citing *State v. Colon*, 885 N.E.2d 917 (Ohio 2008)); *State v. Pellegrini*, 2013-Ohio-141, ¶ 13 (Ohio Ct. App. 2013) ("The requisite mental culpability for the criminal offense of robbery charged under R.C. 2911.02(A)(2) is recklessness."). As above, "[w]hen a crime requires only the mens rea of recklessness, it cannot qualify under the 'use of physical force' subsection of the ACCA," and consequently robbery lacks the necessary mens rea. *Jones*, 689 F.3d at 626. Moore's robbery conviction cannot stand as a predicate offense.

Because Moore has only one qualifying predicate offense, he is not an Armed Career Criminal.

## III. Base Offense Level

The Government argues Moore's Base Offense Level is twenty-four, because "the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2). Moore, conversely, argues his Base Offense Level is twenty, because he has only one prior conviction for a crime of violence. U.S.S.G. § 2K2.1(a)(4).

In *United States v Pawlak*, the Sixth Circuit held,

> After *Johnson*, no one disputes that the identical language of the Guidelines' residual clause implicates the same constitutional concerns as the ACCA's residual clause. In the words of the Tenth Circuit, "[g]iven our reliance on the

-11-

> ACCA for guidance in interpreting § 4B1.2, it stretches credulity to say that we could apply the residual clause of the Guidelines in a way that is constitutional, when courts cannot do so in the context of the ACCA." Our reading of the current state of the law as established by the Supreme Court compels our holding that the rationale of *Johnson* applies equally to the residual clause of the Guidelines. Accordingly, we hold that the residual clause of U.S.S.G. § 4B1.2(a) is unconstitutionally vague.

822 F.3d 902, 911 (6th Cir. 2016) (citation omitted).

The Court has already held that Moore's prior offenses for robbery and aggravated robbery do not qualify as violent felonies under the ACCA, in light of *Johnson*. Consequently, these convictions also do not qualify as predicate crimes of violence under the Guidelines, in light of *Johnson* and *Pawlak*. Moore's base level is therefore twenty.

**IV. Four-point Enhancement**

Finally, the parties dispute whether a four-point enhancement should apply, pursuant to 2K2.1(b)(6)(B), because Moore used or possessed a firearm in connection with another felony offense.

This is a complicated case. Moore was arrested after he had an altercation with a Dwight Fish on December 3, 2015. Not surprisingly, based on the information provided through discovery and at hearings, Moore and Fish recount the incident in dramatically different ways. In short, Fish claims Moore was the aggressor and that he was blameless; Moore contends just the opposite, that Fish was the aggressor and he only reached for the gun to protect himself and others. Importantly, Moore had come into possession of the weapon some days earlier. Moore claimed he had found the weapon in his grandmother's basement and then gave it to his girlfriend to pawn.

The government argues that the conduct that Moore engaged in with Fish was "in

-12-

connection with another felony offense," specifically an assault, under Ohio law. However, there has been no trial or finding of fact on this issue.

Moore had indicated he intended to use self-defense as a basis for an innocent possession defense. During a lengthy discussion at the January 20, 2016, hearing, the Court observed that, by his own prior statements, Moore had possessed the weapon some days prior to the altercation when he had said he found the weapon and gave it to his girlfriend to pawn. The Court further noted that this fact alone, if credited by the jury, was enough to convict him of being a felon in possession, and consequently what happened between Moore and Fish some days later was irrelevant.

Under these circumstances, the Court is very reluctant to apply the four-point enhancement. To do so, the Court would have to automatically credit Fish's story and conclude that Moore was engaged in, at least, felonious assault on the day he was arrested. This conclusion has not been proven and in fact has not even been charged.

The Court could hold an evidentiary hearing—a mini bench trial essentially—but that is not what the Court believes U.S.S.G. § 2K2.1(b)(6)(B) contemplates. Accordingly, the Court will not impose the four-point enhancement.

//

//

//

//

//

//

-13-

**V. Conclusion**

For the reasons given above and the reasons stated on the record at the August 18, 2016, sentencing, Moore's objection to application of the Armed Career Criminals Act is SUSTAINED; Moore's Base Level Offense is twenty; and Moore's Base Offense Level is not enhanced by four points for use or possession of a firearm or ammunition in connection with another felony.

IT IS SO ORDERED.

*/s/ Dan A. Polster    August 25, 2016*
**DAN A. POLSTER**
**UNITED STATES DISTRICT JUDGE**

-14-